## Allen v. Brown.

(Decided June 21, 1911.)

### Appeal from Magoffin Circuit Court.

1. School Trustees—Election of—Contested Election—Time in Which Answer May Be Filed.—The statute makes specific provisions for the filing of pleadings in contested election cases, and it does not provide that any excuse shall avail.

2. Same.—It was intended that contested election cases should be speedily disposed of so that the person elected to the office might be inducted into it and perform the duties unmolested. It was error, therefore, to permit the answer to be filed more than twenty days after the petition was filed.

W. R. PRATER, R. H. COOPER for appellant.

D. D. SUBLETT, SCOTT & HAMILTON for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

The parties to this action were opposing candidates for school trustee in sub-district number one, division four of Magoffin county, Kentucky. On August 6, 1910, J. L. Brown was given the certificate of election and appellant, in due time, filed his petition in the circuit court of that county, contesting the election of appellee. Without going into details, it is enough to say that it was alleged in the petition that appellant was qualified to fill the position, and the necessary allegations were made showing that he and not appellee was elected, stating specifically the facts showing his election rather than that of appellee's. This petition was filed August 11, 1910, and process was served the same day. Appellee did not offer to file his answer until September 5, 1910, which was more than twenty days after the petition was filed. Appellant's counsel objected to the filing of the answer which controverted the allegations of the petition, but the court overruled the objections and allowed the answer to be filed and made the following order:

"This cause having been submitted on affidavit and oral proof on motion to strike the defendant's answer from the files on the grounds that the same had not been filed, within the time required by law, and the court advised overrules said motion and permits the defendant's answer to be filed, to which the plaintiff excepts.

"Plaintiff then announcing in open court that they declined to plead further, or to take proof. Thereupon the defendant moved to submit to which the plaintiff objected and the court advised adjudges that the plaintiff's petition be dismissed that he take nothing thereby and defendant is adjudged his cost herein, to which judgment the plaintiff excepts and prays an appeal to the Court of Appeals which is granted.

"To which ruling of the court the plaintiff at the time objected and excepted and still excepts."

It will be seen, the only question for determination is whether the court erred in permitting this answer to be filed more than twenty days after the service of process. Appellee filed an affidavit showing the reasons why he failed to file his answer within the twenty days after the service of process upon him. The affidavit shows, in substance, that on August 20th one Morgan Allen was at his place and said to him that he was in favor of the graded common school and that he disliked law suits; that he was going to town the next day

and order the contest suit filed away; that appellee saw him afterwards and asked him if he had been to town and he said "yes, I told you I would have the graded common school. I filed my petition for it today and there will be no more of the contest, I had it filed away today, or something to that amount. Appellee says in the affidavit that he took what Morgan Allen told him to be true and that he told everybody that the suit had been filed away. Appellee introduced several witnesses who testified to the same effect, but they did not connect appellant, James Allen, with any of the statements or representations, nor did they show, or attempt to show, that Morgan Allen had any authority from James Allen to speak or act for him in the matter. There was some testimony to the effect that James Allen said:

"Me and Morgan Allen fooled J. L. Brown, the defendant, and caused him not to file his answer in time, and now I am trustee."

Appellant controverted this by affidavit, and stated that he had no conversation with Morgan Allen, a distant relative of his, with reference to the matter and that he had not authorized him to represent him in any way, and that he did not know until afterwards that the law required appellee to file his answer within twenty days after process was served upon him.

Conceding for the purpose of this case, that the answer could be filed in a case like this after twenty days has expired, and thus violate the plain provision of the Statutes, we are of the opinion that the excuse offered for not filing in the time stated in the Statutes is not sufficient. The provisions of the Civil Code with reference to filing of pleadings have nothing to do with this case. The Statutes make specific provisions for the filing of pleadings in contested election cases and it does not provide that any excuse shall avail. It was intended that contested election cases should be speedily disposed of so that the person elected to the office might be inducted into it and perform the duties thereof unmolested and so that the public might have the benefit of his services.

In the case of Preston v. Price, 70 S. W., 623, 24 R., 1090, the court said:

"We are not called upon to decide whether, for good cause shown, or for unavoidable casualty, or misfortune, the time prescribed by the statute for filing a reply in an election case might be extended; the whole statute

so far as it relates to contested election cases shows the legislative intent to be that such contests should be rail-roaded through the courts, to the end that, if the contestant should succeed in his contest, he might do so in time for his success to be of benefit to himself, and possibly to the public. We are of the opinion, therefore, that the time specified within which a reply may be filed is mandatory, to the extent of requiring it to be filed within the time unless good cause be shown."

In the case of Wilson v. Tye, 122 Ky., 508, in speaking of the provisions of the statute with reference to contested election cases, the court said:

"It provides a speedy remedy. It prescribes within what time the petition, answer and reply shall be filed, and within what time each of the parties must take their proof, and it requires both the circuit and Court of Appeals to hear and determine the case as speedily as possible, giving it preference over all other cases, and then defines how the court shall try it by ascertaining from the record who was elected."

We are of the opinion, gathered from the affidavits filed, that appellee as well as appellant did not know of this provision of the statute before the twenty days expired from the filing of the petition, and the excuse for not filing the answer within the time required was not sufficient.

For these reasons, the judgment of the lower court is reversed and the case remanded for further proceedings consistent herewith.