## Rose v. Cecil.

(Decided January 7, 1916.)

### Appeal from Wolfe Circuit Court.

1. Elections—Count of Votes, Returns, and Canvass—Presumption. —Votes received, counted and certified as having been received by a candidate, are presumed to be legal votes, and he will not be denied them, until the right of the persons, who cast them, to vote, has been assailed.

2. Pleading—Material Allegation.—A material allegation is one which is necessary to support a cause of action or defense.

3. Elections—Contest—Pleading.—The contestant, in his petition, in order to support his cause of action, does not have to negative the counter grounds of contest, which the contestee may or not plead in his answer, as he may choose.

4. Elections—Contest—Pleading.—The only necessary averment as to the votes received by him, which a contestant must make, in his petition, is to allege the number received, counted and certified for him, so that when the votes received by contestee, which contestant alleges to be illegal votes, have been deducted from the whole number received by contestee, the petition will show the election of contestant.

5. Elections—Contest—Pleading.—Allegations, in the petition, that the votes received by a contestant were cast by persons qualified to vote, does not dispense with the necessity of a reply to allegations of counter contest in; the answer, in which the names and grounds of disqualification of persons who voted for contestant are alleged, because allegations, in the petition, as to the qualifications of the voters who voted for contestant being unnecessary, and immaterial, the allegations in the answer setting forth grounds of counter contest on account of illegal votes received by contestant is new matter and not responsive to the, allegations in the petition, and if not denied by reply, must be taken as true.

S. MONROE NICKELL, G. C. ALLEN and FLOYD ARNETT for appellant.

G. B. STAMPER for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

At the election held for trustee of the common school, on August 1st, 1914, in sub-district No. 4, in Wolfe county, the appellant, John Rose, received seventy-six votes and the appellee, F. F. Cecil, received seventy two votes. A certificate of election to the office of trustee was duly issued to the appellant. Thereafter, the appellee filed a petition in the circuit court for Wolfe county against the appellant for the purpose of contesting his election to the office of trustee.

The petition, in substance, alleged the qualifications of appellee for the office; his candidacy, and that of appellant; that he received seventy-two legal votes; that appellant only received sixty-four legal votes; that the officers of the election certified that he had received seventy-two votes, but certified that appellant received seventy-six votes; that twelve of the votes received by appellant were cast by persons who did not have the qualifications, which entitled them to vote at the election, and for that reason appellant had only received sixty-four legal votes; that the seventy-two votes received by appellee were cast for him by white persons, who were over twenty-one years of age and who could read and

write, and who had been actual residents of the district for more than sixty days next before the election was held. The petition then specifically set out the names of the twelve persons whose votes were received by appellant and included in the seventy-six votes received by him, and who were alleged not to be entitled to vote at the election, and the facts in regard to the want of qualifications to vote of each of them, respectively, and further alleged that appellee had received a majority of eight of the legal votes cast at the election, and that he was elected to the office instead of appellant.

The appellant, in due time, filed an answer and counter-claim, in which he traversed all of the allegations of the petition, and further plead facts showing his legal qualifications to hold the office of trustee. He also, alleged affirmatively that at the election he received seventy-six votes and that appellee received seventy-two votes, but that seventeen of the votes received and counted for appellee were cast by persons who did not possess the legal qualifications which would entitle them to vote at the election of a trustee for the school in the district, and therefore should not be counted as having been received by appellee. He then specifically named six women who, he charged, had cast their votes for appellee and which were counted for him, and who, he alleged, were unable to read or write, and one of whom, he, also, alleged had not been a resident of the district for as much as sixty days next preceding the election. He, further, alleged that eight persons, whose names were specifically stated, had cast their votes for appellee, and whose votes were included in the seventy-two votes received by appellee, and that neither of the eight persons had resided for the sixty days preceding the election in the district, nor in the county of Wolfe for six months preceding the election, and one of whom had not been a resident of the State of Kentucky for one year preceding the election. Three other persons, who had cast their votes for appellee, and whose names were specifically stated, the appellant alleged, were each under twenty-one years of age at the time of the election, and that the votes of all of said persons should be eliminated from the seventy-two votes received by appellee.

The appellee never filed any reply, and therefore never, by any pleading, controverted the affirmative allegations of the answer and counter-claim.

Proof was taken by both parties as to the right of the twelve persons to vote, who cast their votes for appellant, and who were alleged not to be entitled to vote by appellee, in his petition, and proof was taken by the appellee as to the right to vote of the persons who had voted for him, and which were alleged not to be legal voters by appellant in his answer and counter-claim, but appellant took no proof in support of the affirmative allegations of his answer and counter-claim. Before the final submission of the case for trial, the appellant moved the court to adjudge that the affirmative allegations of his answer and counter-claim be taken as confessed and to render a judgment in his behalf upon the pleadings. This motion was passed until the final submission of the cause, when the court overruled the motion and adjudged that appellee had received seventy-two votes and that appellant had received only sixty-eight legal votes, and that appellee had been duly elected to the office in controversy. To all of this the appellant excepted and prayed an appeal to this court, which was granted.

The appellant insists that the judgment should have been for him upon the pleadings in the cause, regardless of the proof, and if correct in this contention, the decision of all other questions in the case is rendered unnecessary. For this reason we will proceed to the consideration of this contention. The affirmative allegations of the answer and counter-claim, if taken as true, conclusively determine, that seventeen of the seventy-two votes received by appellee were cast by persons who were not legal voters and not entitled to vote. Six of them were women, of whom, it was alleged, that neither of them could read or write. Eight were alleged to be persons who had not resided for as much as sixty days preceding the election in the district, and three of them were alleged to have been under the age of twenty-one years at the time of the election. Subtracting these votes from the seventy-two votes received by appellee would leave him as receiving fifty-five legal votes. Conceding that the twelve votes received by appellant and challenged by appellee were all illegal votes, it leaves appellant as having received sixty-four votes, and elected to the office.

Section 126, of Civil Code, provides, that every material allegation of a pleading must, for the purposes of

the action, be taken as true, unless specifically traversed, except in the states of case provided for in sub-sections one, two, three, and four of the section, *supra,* none of which exist in this case.

Section 127, of Civil Code, defines a material allegation as follows:

"A material allegation is one which is necessary for the statement or support of cause of action or defense."

There is no reason given or attempted to be shown why the affirmative allegations of the answer and counter-claim were not controverted by a reply, if such allegations were untrue. The appellee had full time and opportunity to plead to the answer and counter-claim if he had desired to do so. The provisions of Section 126, of the Civil Code, *supra,* are mandatory, and for sound reasons. Otherwise parties to a litigation would have to burden themselves with the labor and expense of taking proof upon subjects about which there is no controversy and no issue made. The provisions of the Code, requiring material allegations to be taken as true, unless specifically traversed, is but declaratory of the rule of the common law upon the subject  It is intended to exl edite the trials of controversies in the courts, by enabling the courts to know what questions they are called upon to decide, as well as to notify the parties what contentions they must be prepared to sustain with proof, as it would be idle for a litigant to call witnesses to prove a contention which his adversary admits the truth of.

The appellee, however, insists, that in as much as he alleged in his petition that the seventy-two votes received by him were cast for him by white persons who were over twenty-one years of age, and who had been actual residents of the district for more than sixty days, next before the election, that the affirmative allegations of the answer and counter-claim, which specifically alleged that seventeen of said voters, specifying each of them by name, were not legal voters, and setting out the grounds of their ineligibility, respectively, did not allege any new matter with reference to them, and that the allegations were a mere affirmative denial of the things said in the petition, and for that reason an issue was made as to the eligibility of these voters, and no reply was necessary in order to allow the taking of proof in regard to them, and to prevent the taking of the affirmative allegations of the answer and counter-claim as true,

and relies upon the case of Preston v. Price, 70 S. W., 623, as sustaining his contention. That case, however, is not in point, as it does not decide the question in controversy here, and besides, in that case the reply having been stricken because of its not having been filed in time, the affirmative allegations of the answer were adjudged to be taken as true. In an action of this kind, the contestant, in his petition, does not have to anticipate the defense of the contestee and to negative the fact that illegal votes were received by him. It is purely a matter of defense for the contestee, that illegal votes were cast and counted for the contestant, and if he does not specifically allege and rely upon the fact of illegal votes having been received by the contestant, he cannot, under the statute, receive the benefits of such defense. It is a matter of choice with the contestee whether he makes such defense or not. It will be presumed that votes, which are cast, counted, and certified for a candidate are legal votes, and will not be denied him, until the right of the persons to cast such votes is successfully assailed. The only necessary averment to sustain his action upon the part of the contestant as to the votes received by him is an averment of the number received, counted, and certified as having been received by him, so that the petition will show his election, when the illegal votes, which he alleges the contestee received, shall have been taken from the whole number of votes received by the contestee. Hence, passing over the suggestion, that the averments of appellee as to the qualifications of the persons voting for him, are too indefinite and general to create an issue, if denied, the averments were immaterial and unnecessary, and appellant could not, on that account, have required him, by motion, to make such allegations more specific. Hence, it, also, follows, that the averments of the petition as to the qualifications of the persons who cast their votes for appellee being immaterial and unnecessary, the affirmative allegations of the answer and counter-claim alleging specifically the names of the persons who voted for appellee, and who were not qualified to vote, and the facts showing their want of qualifications were not responsive to anything alleged in the petition, but were material allegations of new matters, which must be controverted, and if not, must be taken as true.

An averment in a pleading, which is unnecessary to support a cause of action or defense, is an immaterial allegation, and it has been held, for instance, in an action to recover damages for personal injuries, caused by the negligence of another, an allegation in the petition that the injured one was exercising ordinary care for his own safety at the time of the injury being unnecessary and immaterial to his cause of action, although it negatives any negligence upon his part, does not dispense with the necessity of a reply, controverting a plea of contributory negligence in the answer, as the plea of contributory negligence is purely a defense. L. & N. R. R. Co. v. Paynter's Admr., 26 R., 761; Paducah, &c. R. R. Co. v. Hoehl, 12 Bush, 41; Depp v. L. & N. R. R. Co., 12 R., 266; L. & N. R. R. Co. v. Wolfe, 80 Ky., 82.

A reference to the provisions of sub-section 12, of Section 1596a, Kentucky Statutes, which authorizes the action to contest the election of a school trustee, sustains the rule of pleading in such cases as announced herein. It provides that the petition "shall state the grounds of the contest relied upon, and no other grounds shall afterwards be relied upon." It will be observed that no provision is made for the petition negativing any grounds of counter contest, which may be relied upon for a defense. It, also, provides that the answer "may consist of a denial of the averments of the petition (which are the grounds of contest relied upon) and may, also, set up grounds of contest against the contestant, and if grounds are so set up, they shall be especially pointed out and none other shall thereafter be relied upon by said party." It, further, provides for a filing of a reply within ten days, and that its affirmative allegations shall be treated as controverted. It is apparent from these provisions that the grounds of counter contest are purely matters of defense, and must be treated as new matters, which must be controverted by a reply or taken as true.

It is, therefore, adjudged that the judgment appealed from be reversed, and the cause remanded with directions to set aside the judgment appealed from, to adjudge that appellant was duly elected to the office, and dismiss the petition of appellee.