## Allen v. Haddix.

(Decided December 14, 1917.)

### Appeal from Breathitt Circuit Court.

1. **Elections—Filing Pleadings in Election Contest.**—The provisions of subsection 12 of section 1596a of the Kentucky Statutes fixing the time within which pleadings may be filed in an election contest case are mandatory; and the time cannot be extended without the consent of the parties, unless it affirmatively appears that a good excuse for the delay exists, arising out of unusual or extraordinary conditions appearing in the record, or due to accident or surprise which ordinary prudence could not have guarded against, or resulting from unavoidable casualty or misfortune; and, also that the substantial rights of the adverse party were not prejudiced by the delay.

2. **Pleading—Marked Filed by Stranger—Striking from Record.**—An answer lodged in the papers of a case and marked filed over the clerk's official signature by a stranger who was neither the clerk nor his deputy, should be stricken from the record.

3. **Elections—Contest—Votes Properly Excluded.**—In an election contest over the office of school trustee the court properly excluded from the count the votes of those persons voting who

did not live in the district; those who had been confined in the penitentiary; and, the vote of a female voter who could neither read nor write.

THOS. T. COPE for appellant.

W. H. HOLLIDAY for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

At an election held on October 7, 1916, the appellant, Lizzie Allen, and the appellee, J. B. Haddix, were contending candidates for school trustee; and, the election officers having found that appellant had received twenty-seven votes and Haddix twenty-five votes, they awarded the certificate of election to the appellant, Allen.

On October 10th, Haddix instituted this action under subsection 12 of section 1596a of the Kentucky Statutes to contest the election of the appellant upon the ground that five votes which had been counted for her were cast by persons who had no right to vote.

The statute gives the defendant twenty days after service of summons in which to answer, and ten days thereafter for the plaintiff to reply. The contestant then has thirty days in which to take his proof, followed by twenty days to the defendant to take his proof, and fifteen days more for the plaintiff to take his proof in rebuttal.

The provisions of the statute are mandatory; the time cannot be extended unless it affirmatively appears that a good excuse for the delay exists, arising out of unusual or extraordinary conditions appearing in the record, or due to accident or surprise which ordinary prudence could not have guarded against, or resulting from unavoidable casualty or misfortune; and, also that the substantial rights of the adverse party were not prejudiced by the delay. Lowery v. Stotts, 138 Ky. 251; Allen v. Brown, 144 Ky. 414; Powell v. Horn, 159 Ky. 532.

The answer was due not later than October 30th, but none was filed so far as the clerk of the court and the plaintiff and his attorneys could ascertain.

Haddix's attorney called at the clerk's office several times and inquired if an answer had been filed, but was informed by the clerk that none had been filed; and Haddix received the same information in answer to a letter written to the clerk. However, on November 15th, W. D. Back, the clerk, discovered an answer among

the papers of the case, endorsed: "Filed in office Oct. 17, 1916, W. D. Back, C. B. C. C."

Upon a motion to strike the answer from the papers of the case the plaintiff filed Back's affidavit in which he stated the facts as above narrated, as to the inquiries of Haddix and his attorney concerning the answer, and that the answer had really never been filed in his office: that the indorsement was in the handwriting of Fred Cope, a son of the attorney for the defendant, and that Cope was not a deputy of Haddix and had no authority to make the indorsement. Haddix corroborated the clerk and no counter affidavits were filed. There was no order of court filing an answer. The court overruled the motion to strike the answer from the papers whereupon Haddix took his proof, and closed the taking on December 18, 1916. The defendant took no proof, and, on February 2, 1917, forty-five days thereafter the action was submitted over the objection of the appellant, after her motion to continue the case had been overruled.

The circuit court found that the allegations of the petition were sustained by the proof and that Haddix had received twenty-five votes as against twenty-two votes cast for the appellant. Judgment was entered for the plaintiff and the defendant appeals, assigning two grounds for a reversal: (1) that her motion for a continuance should have been sustained; and, (2) that the court erred in excluding the votes of Charlie Deaton and Katherine Deaton and the votes of Alex. Fuget and Jane, his wife.

There is no merit in either of these contentions. In the first place, conceding there was as claimed an agreement between the attorneys that the defendant should have further time after the expiration of the statutory period in which to take his proof, it is apparent that the court did not abuse its discretion in submitting the case on February 2nd, forty-five days after the plaintiff had closed his proof. Neither the affidavit nor the brief of appellant's counsel states how much further time she desired, or what she could have proved if the time had been extended.

In the next place the proof sustains the allegations of the petition concerning the ineligibility of the five voters whose votes were excluded. Two of them did not live in the district; two had served terms in the penitentiary and the franchise had never been restored to either

of them; while the remaining voter was a female who could neither read nor write.

Finally the judgment must be affirmed because no answer was filed within the time prescribed by the statute. The uncontradicted testimony of Haddix and the clerk shows that the indorsement bearing the clerk's name was made without authority, and that the paper was merely lodged or thrown among the papers surreptitiously. The record fails to show when it was done; but the proof shows it was not done within twenty days after the defendant was served with summons, as is required by the statute. No excuse having been offered for the failure to file the answer in time, the motion to strike it from the file should have been sustained. It was so expressly decided in Powell v. Horn, 159 Ky. 532; and there being no answer, the plaintiff was then entitled by default to the judgment which he finally obtained upon a trial of the merits.

For either one of the reasons given the judgment will have to be affirmed.

It is so ordered.