## Doss v. Howard, et al.

(Decided May 3, 1918.)

### Appeal from Bell Circuit Court.

1. Elections—Contest—Practice.—A contestee may demur to the sufficiency of the petition of contestant, but if he elects to do so he must file the demurrer, as well as any other defense he may desire to rely upon, within twenty days after the service of the summons upon him.

2. Elections—Contest—Pleading.—A petition, which states the grounds of contest with sufficient certainty to apprise the contestee of the grounds of the contest, is sufficient to sustain the action, under section 1596a, sub-section 12, Kentucky Statutes.

3. Elections—Parties—Pleading.—A plaintiff, to whose petition there is no defense, is entitled to the relief which can be granted within the fair scope of the allegations and prayer of the petition.

4. Elections—Certificate of Election—Injunction.—A person, to whom the proper authorities have regularly issued a certifi-

cate of election to an office, can not be enjoined from qualifying and performing the duties of the office.

STEWART & STEWART for appellant.

N. R. PATTERSON for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming as to appellee, Delph, and reversing as to appellee, Howard.

At the election held for trustee in sub-district No. 1, educational district No. 1, of Bell county, on the first Saturday of October, 1917, James Doss and Tyrus Howard were candidates, and the result was that Howard received fifty-nine votes and Doss received fifty-six votes. The election was held on the sixth day of October and this action was instituted by Doss on the eighth day of October, against Howard and Simon Delph, the superintendent of schools of Bell county. The summons was served on the ninth day of October and answer was not filed by either Howard or Delph within twenty days after the service of the summons, but on the 17th day of November, thereafter, which was thirty-nine days after the service of the summons, they filed a general demurrer to the petition. The appellant, Doss, objected to the filing of the demurrer, but his objections were overruled. On the first day of March, 1918, the court rendered a judgment, by which the demurrer was sustained, and the appellant refusing to plead further, the petition was dismissed, to all of which Doss objected and reserved exceptions, and prayed an appeal to this court, and filed a copy of the record herein on the 29th day of March.

The appellant insists that the court was in error in permitting the appellees to file a demurrer to the petition, over his objection, at a time, which was more than twenty days after the service of the summons, and in this contention we concur. The evident purpose and intention of the legislative authority, in enacting the statutes, which provide for and govern contested elections, was to provide a plan for the trial and determination of proceedings of this kind, expeditiously, to the end that one duly selected to fill an office should be permitted to perform its duties and to receive the emoluments, and that the interested communities should be secure from protracted disturbances, as the result of the contest of elections and the subsequent uncertainty of knowing the

results. This court has consistently denied to litigants, in cases involving contest of election, the benefit of a pleading, which was not filed within the time prescribed by the statute, which governs the subject. Allen v. Brown, 144 Ky. 414; Lowry v. Scotts, 138 Ky. 251; Anderson v. Likens, 104 Ky. 699; Banks v. Sergent, 104 Ky. 843; Preston v. Price, 24 R. 1090; Combs v. Eversole, 114 Ky. 222; Hill v. Holdam, 120 Ky. 660; Edge v. Allen, 166 Ky. 291. Section 1596a, sub-section 12, Ky. Stats., fixes the time, within which the answer of a contestee must be filed, as within twenty days after the service of summons, and the reply must be filed within ten days thereafter, and further subsequent pleadings shall not be allowed. The statute does not mention a demurrer, by that name, and makes no provision for the filing of a demurrer in such a proceeding, but there seems no good reason why a contestee may not make an issue of law by the filing of a demurrer, but, if he elects to do so, it must be considered as his defense or one of the grounds of his defense, all of which, if relied upon, must be preferred within twenty days after the service of the summons. Such defenses as a contestee may have under the statute must be considered as embraced within the terms of his answer. Hence, if a contestee fails without any good cause to offer any defense within the time prescribed, he thereby waives the right to interpose a defense based upon any kind of a pleading. Hence, the court should have, in the instant case, refused to permit the filing of the demurrer at the time it was offered, and should have rendered judgment between the parties upon the pleadings, which consisted of the petition, only. The allegations of a pleading, in an action contesting an election do not have to be proven when not denied, as in any other action where a statute does not exist, which requires that an allegation be proven, though not denied. Edwards v. Loy, 113 Ky. 746.

The character of a judgment which should be rendered is determined by the sufficiency of the facts alleged in the petition or deemed to exist because of the default and the application of the law to such facts. Of course, if the averments of the petition were not sufficient to show a cause of action, the appellant was not entitled to have the relief sought by him. He was only entitled to the relief within the fair scope of the allegations and prayer of the petition. The petition, while inartificially

drawn, substantially alleges, when all of its averments are considered, that the appellant and appellee, Howard, were opposing candidates for trustee at the election upon the day and in the district stated in the petition, and that at such election, the appellant received the votes of fifty-six qualified electors, while his opponent received the votes of fifty-nine persons, and the election of his opponent was certified by the election officers to the county superintendent, Delph, but that only forty-two of the votes received and counted for appellee were cast by persons who were eligible to vote, and that seventeen of the votes received by and counted for appellee were cast by persons who were not legal voters and not entitled to vote, and that such seventeen votes went to make up the fifty-nine votes received and counted for appellee and that, hence, the appellant was duly elected trustee, instead of his opponent. The petition then sets out the names of the persons, who were not legal or authorized voters, but whose votes were received and counted for appellee. They consist of eight men and ten women. He alleges, that the reason of their ineligibility to vote was "that they or a part of them" were not residents of the district; some of them minors, and they could not read nor write. It is insisted as the reason for the insufficiency of the petition, that these averments amount to alleging that only one of the persons named was not a legal voter, and thus the petition showed upon its face that Howard had received fifty-eight votes and the appellee fifty-six, only, and hence had no cause of action. The petition, however, we do not think, is subject to this criticism when fairly read. It alleges that all of the persons named were illegal voters, certain of whom were non-residents of the district; others of them were minors and the others were unable to read or write, but all were ineligible to exercise the right of suffrage at that election for one or the other of the reasons stated. The statute, 1596a, sub-sec. 12, *supra*, provides that a contest of the election to an office within the choice of the voters of a district of a county shall be made by a petition filed in the circuit court, and the petition "shall state the grounds of the contest relied on and no other grounds shall thereafter be relied upon." This statute is the only authority for instituting such a contest. Formerly when a contest of this kind was heard by a board designated by law for the purpose and was instituted by giving a notice to the contestee, the

statute provided, as it does now with reference to the petition, "that the notice shall state the grounds of the contest relied on, etc." In the case of Tunks v. Vincent, 106 Ky. 829, a demurrer was offered to the notice because it did not state the names of the alleged illegal voters, but set forth as the grounds of the contest that a specific number of illegal votes were received and counted for the contestee, at each of certain precincts, specifying the precincts. This court held that the notice sufficiently stated the grounds of contest and that the demurrer was properly overruled, although the contestant could have been required to have given the names, if he knew them, of the illegal voters by a motion to require him to make the notice more specific. Such should have been the course of appellees, in the instant case, if they desired more specific allegations with regard to the reasons for the illegality of the votes of the various persons, the votes of whom were alleged to have been received and counted without authority. The petition seems to have sufficiently stated the grounds of contest and to have stated a cause of action for the contest of the election of appellee, Howard, to the office. One of the specific prayers of the petition was, that the appellant should be adjudged to have been duly elected to the office of trustee of the district. Hence, the court, instead of dismissing the petition, should have adjudged appellant duly elected to the office in controversy, and rendered such judgment as would have entitled him to qualify as such.

The petition, it is true, alleges that the appellee, Howard, will qualify as trustee unless restrained and prayed that he be enjoined from so doing. The allegation was surplusage in a petition for the contest of an election, and the prayer was for something to which appellant was not entitled. Where one has received a certificate of election to an office from the proper authorities, it constitutes *prima facie* evidence of his title to the office and an injunction will not lie to restrain him from exercising the functions of the office pending a contest, as to whether or not the holder of the certificate was really elected. Courts of equity are not invested with authority by the statutes providing for contested elections to proceed by writ of injunction for the determination of the right to the office and they have no inherent authority to do so. 9 R. C. L. 1152; 10 A. & E. Ency. L. 761; Harrison v. Stroud, 129 Ky. 193, Wilson v. Tye, 122 Ky. 508. The

prayer for an injunction did not, however, affect the appellant's cause of action for the contest of the election and to be adjudged duly elected to the office sought, as the prayer of a plaintiff for more than he is entitled to does not destroy his right to that to which he is entitled.

The action was properly dismissed as to the appellee, Delph. The averments of the petition affecting Delph are to the effect, that unless restrained by injunction that he will issue a certificate of election to his co-defendant, Howard, and the prayer of the petition with reference to him is for an injunction restraining him from issuing such certificate of election. As county superintendent, he was without authority to issue or grant a certificate of election to Howard, and it would have been without any effect if he had done so, and besides, Howard had already received a certificate of his election from the authorities authorized to grant it. Sections 92 and 109, article VIII, chapter XXIV, session acts, 1916.

The judgment is therefore affirmed as to the appellee, Delph, but is reversed as to the appellee, Howard, and remanded with directions to proceed in conformity to this opinion.