## Payne v. Blanton.

April 21, 1950.

R. J. Watson, Special Judge.

J. Leonard Davis for appellant.

Edward G. Hill, James Sampson and R. Kent Sampson for appellee.

STANLEY, COMMISSIONER—Affirming.

James H. Payne's petition of contest of the election of John Blanton to the office of Justice of the Peace in Harlan County charges him with having violated the Corrupt Practices Act in several particulars. It includes the statement that the contestant had not violated that law. The petition prays that Payne be declared elected or, alternatively, that Blanton was not. Admitting the allegations concerning the election, returns, etc., the answer denies all others. A counterclaim charges the contestant with having violated the Corrupt Practices Act in several particulars. Twenty-one days after it was filed—eleven days too late—the contestant tendered a reply traversing the affirmative allegations of the counterclaim. The reasons or excuses given in an affidavit for the delay were, in substance, that the court was not in session, the circuit judge was out of the county, and there was no one "before whom" the reply could have been previously filed; that the contestant had completed taking his proof showing the contestee was guilty of the charges made against him and the contestant had testified he had not violated the Act. It was further

stated that the contestee would not be prejudiced by the delay in filing the reply. The statements of fact do not afford a good or legal excuse. The statute requires that if a reply be filed, it must be done within ten days after the answer. KRS 122.070. And such a pleading not only may but should be filed with the clerk of the court. Therefore, the court declined to permit the reply to be filed, adjudged the charges against the contestant should be taken as true, and rendered judgment dismissing the petition. Payne appeals from that order and judgment.

Prior to the 1946 amendment of the statute relating to the contest of elections (Chapter 151, Acts of 1946) a losing candidate could maintain a contest and deprive his opponent of the office by proving his violation of the Corrupt Practices Act (KRS Ch. 123) even though it was shown that the losing candidate had violated that Act and was not entitled to the office. KRS 122.010. As amended, the statute provides the contestee may allege in his pleading that the Act was violated by or for the contestant, and ''If it appears upon the trial'' that the contestant or others in his behalf had violated the Act, ''the contest action shall be dismissed and the contestant shall have no further right to maintain the same.''

The appellant contends that the provision is unconstitutional as offending the several sections of the Constitution establishing the system for equal, fair and honest elections, particularly Section 151. That section requires, ''The General Assembly shall provide suitable means for depriving of office any person who, to procure his nomination or election'' has been guilty of acts which are specifically described in the statutes. KRS 123.010 et seq. There is nothing in this or any other section of the Constitution that denies the General Assembly the power to deprive a guilty candidate of the right to challenge his successful opponent's election on the same grounds. An election contest is a purely statutory proceeding, special and summary in its nature. Craft v. Davidson, 189 Ky. 378, 224 S. W. 1082; North East Coal Co. v. Johnson County Fiscal Court, 284 Ky. 121, 143 S. W. 2d 1061. It is without doubt within the authority of the Legislature to prescribe by whom and under what conditions a contest may be maintained. The legislature had the constitutional right to declare that

the pot may not call the kettle black or that one tarred with the same stick may not use it to assault the other. Even a citizen whose civil rights had been invaded by corrupt election practices may not bring a contest. Brandenberg v. Hurst, 290 Ky. 592, 162 S. W. 2d 223.

Reverting to the expiration of the time in which the reply traversing the charges of the contestee that the contestant had violated the Corrupt Practices Act and the ruling of the court thereon. The several limitations as to filing a pleading in an election contest have been said to be mandatory and a party will be denied the benefit of a pleading which should have been filed within the time prescribed. Allen v. Brown, 144 Ky. 414, 138 S. W. 253; Doss v. Howard, 180 Ky. 413, 202 S. W. 888. Other decisions have been to the effect that where the tardiness was not great and the adverse party would not be prejudiced, the trial court has discretion in the matter, provided a good and proper excuse for the delay is presented. Powell v. Horn, 159 Ky. 532, 167 S. W. 928. In the present case, no reasonable excuse was offered for the delay in tendering the reply, and we concur in the ruling of the trial court in rejecting it.

There is no doubt that in the contest of an election to a public office, a default judgment may be rendered upon the pleadings. Rose v. Cecil, 167 Ky. 608, 181 S. W. 170; Allen v. Haddix, 178 Ky. 389, 198 S. W. 1155; Doss v. Howard, supra, 180 Ky. 413, 202 S. W. 888. It is different where the election is a public referendum and nominal parties make no defense. Keeling v. Coker, 294 Ky. 199, 171 S. W. 2d 263, a case upon which the appellant relies.

The appellant seeks to escape from his dilemma by contending that the issue as to his guilt or innocence of violating the Corrupt Practices Act was raised by the general allegation in his petition and the contestee's denial thereof in the answer.

It seems to us the statute requires a party to make specific charges when he relies upon the incapacity of his adversary to maintain the contest because of the use of corrupt methods to obtain the election. That was done in the instant case. It is of significance that the statute, KRS 122.010, reads, "If it *appears upon the trial*" that the law was violated by or for the contestant, his petition

shall be dismissed. Under that construction of the stat-ute a general allegation of the contestant of his inno-cence is unnecessary and immaterial and adds nothing to the petition. Being such, it is surplusage and its de-nial cannot be regarded as raising the issue. Anderson's Adm'r v. Granville Coal Co., 205 Ky. 111, 265 S. W. 472. In Rose v. Cecil, 167 Ky. 608, 181 S. W. 170, an election case, the contestant had made certain affirmative state-ments as to the validity or legality of the votes he had received. The contestee had answered and counter-claimed, specifically charging the contrary and particu-larizing his charges as to the illegality of votes claimed by the contestant. The contestant never filed a reply nor controverted the affirmative allegations of the coun-terclaim. Proof was taken by both parties. We held that the allegation in the petition that the votes contest-ant had received were legal should be disregarded as not material and but anticipatory of a defense; hence, that his failure to reply to the affirmative averments of the counterclaim required that they be taken as true; further, that the provisions of the Civil Code of Prac-tice with respect to the necessity of joining issue on ma-terial allegations of a pleading, Sections 126 and 127, should be applied and the petition of contest dismissed. That is the situation in the present case and a like ruling is required.

The judgment is affirmed.