## WARD v. STORY.

Court of Appeals of Kentucky.
May 22, 1953.

Joseph B. Hennessey, Augusta, for ap-. pellant.

John H. Clarke, Jr., Maysville, for appellee.

DUNCAN, Justice.

At the November, 1952, election, the appellant, John I. Ward, and appellee, Emery Story, were opposing candidates for the office of member of the Bracken County Board of Education. The returns as certified by the election commissioners indicated a majority of nine votes for appellant, and he was awarded a certificate of election.

On November 18, 1952, appellee filed a petition contesting the election, in which it was alleged that some sixty voters who were nonresidents of the district had cast their votes for. appellant. Upon the trial, the lower court concluded that thirty-six illegal votes were cast for appellant and four for appellee, thus changing the result of the election to the extent that appellee was declared to have been elected by a majority of twenty-three votes. It is not insisted that the evidence was insufficient to sustain the finding of the Chancellor, but it is contended that the evidence for appellee, having been completed beyond the statutory period prescribed by KRS 122.-080(2), should not have been considered.

Summons was served on November 20, 1952, and under the provisions of the statute, contestant's proof should have been completed in thirty days thereafter. On December 8, appellant filed a motion to dismiss the petition and general and special demurrers. On December 9, an answer consisting of a general traverse was filed without waiving the preceding motion or demurrers. On December 15, counsel for appellee requested the court to call a pretrial conference in order that arrangements might be made to narrow the issues and hear the proof orally rather than by deposition. The pre-trial conference was tentatively set for December 17, and the trial court attempted on December 16 to contact appellant's attorney and advise him of that fact. Being unable to confer with appellant's counsel, the conference was reassigned for December 20. On the latter date, the case was assigned for trial and a hearing on all motions for December 23, which was thirty-four days after the service of summons. On December 23, appellant filed a motion to dismiss the proceeding because the proof had not been completed within the statutory period. At the same time, appellee filed a motion, supported by affidavit, for an extension of time to complete his proof. Ruling was reserved on all motions except the motion for an extension of time, which was sustained. The Chancellor then heard all proof in open court, and on December 27, entered the judgment appealed from.

Appellant concedes that the court for cause may under the specific provisions of the statute grant an extension of time for the taking of proof; providing the action is taken within the time originally prescribed. He insists, however, that after the expiration of the statutory period the court is without power to grant such extension. Appellee insists that where the delay is not great and has resulted in no prejudice to the adverse party the court may in its discretion relax the statutory periods if a proper excuse for the delay is shown.

We have consistently recognized that election contest proceedings stand in a class by themselves and the liberal rules of prac-

tice which are observed in most other cases do not apply to this type of action. The statutory periods for filing of pleadings and taking of proof are designed to insure a prompt disposition of each case. Notwithstanding this general principle, the opinions of this Court have not been consistent on the specific question of whether or not a trial court may relax the rules under certain conditions. The opinions in Buten v. Clark, 217 Ky. 436, 289 S.W. 677; Howard v. Bentley, 302 Ky. 854, 196 S.W.2d 730; Allen v. Brown, 144 Ky. 414, 138 S.W. 253; and Doss v. Howard, 180 Ky. 413, 202 S.W. 888, indicate the rule that in an election contest proceeding a party will be denied the benefit of a pleading filed or proof taken beyond the statutory period unless an extension of time has been obtained within the time originally prescribed. On the other hand, Powell v. Horn, 159 Ky. 532, 167 S.W. 928; Land v. Land, 244 Ky. 126, 50 S.W.2d 518; and Payne v. Blanton, 312 Ky. 636, 229 S.W.2d 438, support the view that where the tardiness has not been great and the adverse party has suffered no prejudice the trial court has discretion in the matter.

We have re-examined the question in the light of the conflicting authorities. This Court, as presently constituted, is inclined to the view that the statutes governing election contests are mandatory and the statutory limitations as to time within which pleadings may be filed and proof taken should be strictly enforced. However, in view of the conflict in authority, with which the litigants and trial court in this case were faced, we are unwilling to apply at this time the strict construction rule. For the purposes of this appeal, we follow the substantial compliance rule indicated in the Payne and Powell cases.

This leaves for our consideration the question of whether the facts presented here were sufficient to justify the trial court in granting a retroactive extension of time. Without extending the opinion by a recitation of the facts relied upon, we may say that we have examined the uncontradicted affidavits of appellee and his counsel and although no unavoidable casualty or misfortune is shown there is nothing to indicate that there has been any unreasonable delay in the preparation or trial of this case by either appellee or his counsel. The testimony was completed and the case was ready for final submission within a week from the time appellee's testimony should have been completed under the statute. The total period of time provided by the statute for the taking of proof both for contestant and contestee is fifty-two days after the service of summons. By trying the case on oral testimony before the court, it was submitted and decided within thirty-eight days from that time. Appellant does not contend that he has been prejudiced in any respect by the delay in the completion of appellee's testimony. Under the circumstances, we are unable to say that the action of the court in extending time for proof amounted to an abuse of discretion.

The appellant has filed his motion to require appellee to pay all costs in connection with the preparation and filing of the transcript of evidence in this Court. In the motion, it is insisted that the transcript was not necessary to a determination of this appeal. Without elaboration, the motion is overruled.

For the reasons indicated herein, the judgment is affirmed.