Sam JONES, Appellant,

v.

Lloyd HAMMONS, Appellee.

Court of Appeals of Kentucky.

May 1, 1962.

———◆———

Pleaz Wm. Mobley, Lester H. Burns, Jr., Manchester, for appellant.

Neville Smith, Manchester, for appellee.

STEWART, Chief Justice.

This is an appeal from an order dismissing the election contest brought by appellant, Sam Jones, the unsuccessful candidate for justice of the peace of District #5 of Knox County in the November, 1961, election, against appellee, Lloyd Hammons, the successful candidate.

The election was held on November 7, 1961, and the contest was filed on the following November 27th. Thereafter, on December 29th, appellant's attorney mailed to the Knox circuit clerk a motion for an extension of time for the completion of appellant's evidence in chief. This motion was received and filed on January 3, 1962. The supporting affidavits averred the extension was necessary for the reason that appellant's attorney had been ill. On January 6th appellee filed a motion to dismiss the complaint.

On January 22, 1962, the trial court heard counsel for the parties and dismissed the complaint, finding, inter alia, the motion for an extension was not timely and that sufficient reason to justify such a request was not shown.

KRS 122.080(2), which sets out in detail the procedure to be followed in election contest suits, provides, in part: " * * * The evidence in chief for the contestant shall be completed within thirty days after service of summons * * *." In this case the summons was served on November 28, 1961, and it is therefore apparent appellant failed to comply with the requirement of the statute.

Appellant contends the delay in making his motion was not so great that appellee's case was hindered or prejudiced. He asserts there was substantial compliance upon his part with the terms and conditions of KRS 122.080(2). It should be pointed out the record discloses that the evidence has never been completed, although appellant claims it could have been done in five hours of oral testimony or within two days by deposition.

■ This Court has, in the past, sometimes applied the "substantial compliance" rule to the foregoing statutory provision. However, in Ward v. Story, Ky., 258 S.W. 2d 515, the decisions were reviewed and

the opinion stated the view to be that statutes governing statutory limitations as to the time within which pleadings should be filed and proof taken in an election contest case should be strictly enforced. That case sets forth the most recent statement of this Court on the issue before us.

 KRS 122.080(2) provides that the trial court may, in its discretion, grant a reasonable extension of time within which to complete the evidence. Nevertheless, since appellant failed to make a timely motion for an extension, that is, before the time originally prescribed expired, the trial court had no authority to grant the extension.

Wherefore, the judgment is affirmed.