JOHN W. MARTIN *vs.* JOSEPH FAIRBANKS.

FRANKLIN,
*January,*
1835.

It is the duty of a justice of the peace, in an action of book account, to adjust the account up to the time of trial. So of the auditors in an appealed case.

An article delivered on a credit, not expired at the commencement of the suit, may nevertheless be allowed, if the credit have expired before trial.

This was an action of book account, brought by appeal to the county court, and referred to an auditor, who made the following report, viz :

"The auditor reports a balance in favor of the plaintiff of $5 47.

"Your auditor further reports, that the agreement between the parties was, that the defendant was to let the plaintiff have towards his services charged in his account, during their performance, grain and goods, such as the plaintiff might want and call for, and if any thing remained due to plaintiff, when he closed his work, it was agreed to be paid during the winter next following, in grain. The defendant did, at sundry times, let the plaintiff have grain and other articles, for which he regularly charged the plaintiff on book ; but the defendant did not let the plaintiff have, nor did the plaintiff call for articles of property sufficient to balance his accounts for his services. The plaintiff did not call for the balance due him from the defendant before this suit was brought. And the suit was brought before the time agreed upon for the payment of the balance of plaintiff's account had elapsed. Defendant insisted that the suit was prematurely brought ; but the auditor decided that, inasmuch as the time of credit had expired, anterior to the audit, it became his duty to allow the plaintiff's account up to the time of the audit. The auditor accordingly allowed the accounts of both plaintiff and defendant, as charged, disallowing some items in plaintiff's account, not established, and reducing the prices of several articles charged in both accounts. All which is respectfully submitted.

H. R. BEARDSLEY, *Auditor.*"

To this report the defendant excepted, upon the ground that the auditor had allowed certain charges of the plaintiff, which had not become payable at the commencement of the suit. The exception was overruled and judgment rendered for the plaintiff on the report; to which decision of the county court the defendant excepted, and the case came into this court upon that exception.

*Burt for defendant.*
*Stevens for plaintiff.*

The opinion of the court was delivered by

PHELPS, J.—This action was brought originally before a justice of the peace, and carried by appeal to the county court, where

FRANKLIN,
January,
1835.

Martin
vs.
Fairbanks.

judgment to account was rendered and the case referred to an auditor to examine and adjust the account. It is objected to his report, that he has allowed to the plaintiff certain charges, which, although due at the commencement of the action, had not then become payable; the term of credit having expired before the adjustment by the auditor.

If we consider this case as standing upon the same footing as an original action in the county court, there can be no doubt that the auditor did right in adjudicating upon contested claims, as the statute is peremptory that the auditor shall adjust the account up to the time of making his report. And there is no reason why he should not proceed in the same manner, as if the suit had been original in that court, unless it should be found, that the action in the justice's court would have been governed by different rules.

The question then is, ought the justice, if the suit had remained pending in his court up to the time when the charges became payable, to have allowed the charges, or should he have turned the party round to a new suit to recover them? In other words, is it the duty of a justice of the peace, in the action on book, to adjust the account up to the time of trial, or only to the commencement of the action?

There is no statute provision on this point, the provision above alluded to having reference only to auditors appointed by the higher courts. The action of account at common law has this peculiar feature, that it is not essential to the maintenance of it that the defendant should be indebted to the plaintiff. Hence the only available defence, in the first stage of the action, is such as goes to shew that there is no legal ground for requiring an account. Thus if the parties are found to be partners, or the defendant the bailiff and receiver of the plaintiff, &c., as the case may be, judgment *quod computet* passes of course; and this without reference to the question who is in arrear. The adjustment by auditors is in the nature of an assessment of damages, with respect to which, as a general rule in cases of contract, the damages are assessed and adjusted up to the time of trial. Such is the case with respect to promissory notes and other evidences of debt, and it is only in cases where a future action may be sustained for other and further damages, that a different rule obtains. Hence in account at common law the account is adjusted up to the time of trial. The same rule holds in chancery, when an account is to be taken, whether it be as between partners, or in case of trustees, executors or others. There is the most manifest reason for this. In all cases involving

FRANKLIN
January
1835.

Martin
vs.
Fairbanks.

an account, the only legitimate object of recovery is, the balance, and not any particular item, or items, which may constitute a portion of the account. Besides, there would be a palpable impropriety in rendering judgment upon an anterior state of the account, and leaving the plaintiff on the one hand, to commence a new action upon a subsequent section of it, or driving the defendant, on the other, to his cross action, to recover a counter balance. It is true that a judgment at common law cannot be prospective, to cover what may accrue thereafter, and it is for this reason probably that the common law action of account has fallen into disuse, and that resort is now usually had to chancery.

The rule of the common law being as stated above, it follows, that the statute is only in affirmance of that law, and that it would have been the duty of the justice, had the suit been ultimately determined in his court, to adjust the account up to the time of trial. The auditor therefore did right in allowing the claim in question.

If it be objected that injustice is done by subjecting the party to costs, when he was not indebted at the commencement of the suit, it may be answered, that this is the necessary result of the statute, as applied to the more important actions of this kind which originate in the higher courts, and is there a matter of common occurrence. It is also the result of the settled rule of the common law, as applicable to the subject of accounting, wherever the account is taken. It is also in this case the consequence of the defendant's own default, for if he had tendered the grain, when it became payable, it would have defeated the action.

Judgment affirmed.