### FOR THE

### COUNTY OF ADDISON.

### January Term, 1845.

---

#### PRESENT.

Hon. STEPHEN ROYCE,
Hon. MILO L. BENNETT, } Assistant Judges.
Hon. WILLIAM HEBARD,

---

## WETHERELL, WHITNEY & Co. v. SAMUEL EVARTS.

An action on book account cannot be sustained, when no portion of the plaintiff's account against the defendant had become due at the time of the commencement of the action, although it was all due at the time of the hearing before the auditor.

The case of *Martin* v. *Fairbanks*, 7 Vt. 97, explained, and its application limited.

BOOK ACCOUNT; the action was brought to the county court, judgment to account was rendered; and an auditor appointed.

The auditor reported that the plaintiffs' account, as presented before him, consisted of charges for merchandize, which the defendant purchased of the plaintiffs upon a year's credit; and that no

portion of the account had become due at the time the action was commenced, but that it had all become due prior to the hearing before the auditor.

The county court rendered judgment, upon the report, in favor of the defendant; to which decision the plaintiffs excepted.

*E. N. Briggs* for plaintiffs.

If a suit is commenced, and there is no account, or no account which has become due, perhaps a judgment to account could be successfully resisted; but if judgment to account is rendered, the auditor must adjust the account to the time of the hearing before him. Rev. St. 220, § 9. 2 Leigh's N. P. 1556, 1557. *Newbold* v. *Sims*, 2 Serg. & R. 317. *Taylor* v. *Page*, Cro. Car. 116. In the common law action of account, and in our action of book account, there is this peculiar feature, that it is not essential to the maintenance of the action that the defendant should be indebted to the plaintiff. At common law, without our statute, the accounts are adjusted, as they exist at the time of the trial, without any reference to the standing of the accounts at the time of the commencement of the suit. *Robinson* v. *Bland*, 2 Burr. 1086. *Smith* v. *Brush*, 11 Conn. 359. The case of *Martin* v. *Fairbanks*, 7 Vt. 97, is full in point. And see *Ambler* v. *Bradley*, 6 Vt. 119.

If there is any impropriety in the rule contended for, it will be equally strong, in the case where the plaintiff is indebted to the defendant at the time the suit is brought, and the balance is turned by an account becoming due after the commencement of the action.*

*C. Linsley* for defendant.

1. There was no account, that could be audited, at the time of the commencement of the suit. The statute, it is true, requires that the account should be adjusted to the time of auditing; but it clearly implies the existence of a debt, or duty, on which the suit is to act. Any other construction of the statute would render the lat-

---

*In *Pratt* v. *Gallup*, 7 Vt. 344, the balance was turned by an item which *accrued* subsequent to the commencement of the action.

ter part of the section, giving this power to the auditors, idle and impertinent. Rev. St. c. 36, § 9. The action of account, at common law, requires a particular relation to subsist between the parties, such as bailiff and receiver, &c., and the right to require an account at all results from these relations, and does not depend on the defendant's being a mere debtor. But the action of book account stands on totally different grounds. Willes 208.

2. If it is objected that this defence should have been pleaded in bar, it is answered, that, in this action, the defendant has all the rights before auditors, that he could have had, if he had pleaded. *Loomis* v. *Barrett,* 4 Vt. 450. *Bishop* v. *Baldwin,* 14 Vt. 145.

The opinion of the court was delivered by

BENNETT, J. It appears from the auditor's report, that, at the time when the action wâs commenced, the term of credit, upon which the goods were sold, had not expired; and the simple question presented for our consideration is, whether, inasmuch as the plaintiff's account became due previous to the time of the audit, this action can be sustained. If the plaintiffs had brought assumpsit, instead of the book-action, no one could have doubted, but what the defendant might have insisted, either in abatement of the action, or under the general issue, that the action had been prematurely brought.

It is claimed, however, that, in an action on book, a different rule has prevailed, and should prevail; and that it is not essential, that a right of action should have accrued at the time of the commencement of the suit, provided it has become matured at the time of the audit. Though it is a principle of the common law, that, in the action of account, all the items of the accounts of the parties, due at the time of the audit, are to be adjusted, and the same rule prevails in chancery, where a bill is brought for the settlement of accounts, yet I am not aware that it has ever been claimed, that an action of account, at the common law, could be maintained, provided no right of action had accrued, when the suit was commenced. To hold to such a doctrine would contravene first principles. There must exist a right to call upon the defendant to account, when the suit is commenced, though the particular state of the ac-

counts may be immaterial. If one is the bailiff of the goods of another, to sell and account for at the expiration of six months, it would indeed be strange, if he could be sued at the end of sixty days. If he was to render his account upon demand, no action can be sustained, until there has been a special demand; and this must be alleged in the declaration.

The object of our book action, given by the statute, is, in the main, widely different from the action of account at common law; and it has, to a great extent, become a concurrent remedy with the action of assumpsit, for the collection of debts. If the book action can be commenced, before a right of action has accrued, it must result from the provisions of our statute, and not from any principles drawn from the common law action of account. The statute, it is true, directs the auditor to hear, examine and adjust all the accounts of the parties up to the time of making up the report; but there is no intimation, that a suit can be commenced, before any part of the account has become due. The statute, I conceive, only introduces into the book action, in this respect, the same principle which prevailed in the common law action of account; and probably the same principle would at once have been adopted, without the aid of the statute.

It is said, in argument, that the statute, in the case of *Martin* v. *Fairbanks*, 7 Vt. 97, has received a judicial construction, such as the plaintiffs now contend for. It appears from the report of that case that the auditor's report was excepted to, upon the ground that he had allowed *certain* charges in the plaintiff's account, which had not become payable at the commencement of the suit. As that was an appealed action, and there was no statute applicable to such a case, providing to what time the account should be adjusted, the question was raised, whether the court would, in analogy to the principles of the common law, relative to the action of account, in this respect, introduce the same principle. This is the only point discussed by the learned judge, who gives the opinion of the court. The argument of the counsel is not given; but the *exceptions* and the opinion of the court *impliedly* admit, that there was a right to sue for some portion of the items of the plaintiff's account, at the time when the action was commenced; and I have no doubt the

trial proceeded upon that ground.   I think, however, upon a careful inspection of the facts reported in that cause, there was no right of action, at the time the plaintiff's suit was commenced; and that the very question, now under consideration, might, with propriety, have been raised in that case.   But, be that as it may, as the point was neither mooted by counsel, or court, we cannot regard that case as a controlling authority for this.

The statute has received a practical construction, ever since the government has been organized; and the doctrine now contended for by the plaintiff is of recent origin.   This case and one commenced about the same time in the County of Chittenden are the only instances, in which I have known it to have been claimed, that a person could sue in an action on book before any thing had become due to him.   The consequences of such a doctrine will be readily apprehended.   The whole of a man's property may be placed under an attachment, before there has been any default in him; and the creditor, who has nothing then due and payable, may thereby gain a preference over other creditors, whose debts are due.   We cannot accede to the doctrine, which must be established, to enable the plaintiffs to succeed in this suit.

The judgment of the county court is affirmed.