PIGUE and others *v.* YOUNG and others.

(*Knoxville.* November 9th, 1886.)

1. CHANCERY PLEADING AND PRACTICE. *Answer does not overrule negative plea in abatement, when.*

Where the complainant, in his bill for an attachment, avers that the defendant has fraudulently disposed of, or is about fraudulently to dispose of, his property, and in addition sets out former alleged fraudulent devices and transfers in support of his charge, the defendant may file a plea in abatement traversing the cause laid for the attachment, and an answer denying the other facts stated in the bill; and the answer, in such case, does not overrule the plea.

Case cited and approved: Seifred *v.* People's Bank, 1 Bax., 200.

2. SAME. *Attachment for debt not due. No decree for debt, when dismissed.*

The defense of prematurity of suit may be properly made in equity by answer; and hence, where an attachment for a debt not due has been defeated by plea in abatement, there can be no decree for the debt if the prematurity of the suit be relied on as a defense in the answer.

Case cited and approved: Robinson *v.* Grubb, 8 Bax., 19.

3. COSTS. *Adjudged against a successful defendant who has misled the complainant.*

A successful defendant in an attachment suit who by his conduct and misrepresentations, though innocently made, induced the complainant to believe that he had good cause for attachment, will be taxed with costs.

---

FROM M'MINN.

---

Appeal from Chancery Court of McMinn County. May Term, 1885. W. M. BRADFORD, Ch.

J. H. BIBLE for Complainants.

T. M. BURKETT for Respondents.

LURTON, J. Complainants being creditors, by notes not due at time of filing of bill, of Defendant J. S. Young, filed an original attachment bill. The attachment was obtained under §§ 4194 and 4192, sub-sec. 2, the allegation being that Young "had fraudulently disposed of, or was about fraudulently to dispose of, his property."

The attachment was levied upon a stock of merchandise as the property of J. S. Young, who immediately replevied same. Young filed a plea in abatement traversing the allegation that he had or was about fraudulently to dispose of his property. At the same time he filed an answer in support of his plea. A motion was made at first term to strike out the plea as overruled by the answer, which motion, by order of the Court, was continued to next term. Proof was taken, and when the cause came on to be heard, the plea by consent of parties, was heard with the principal case. The Chancellor held that the plea was overruled by the answer, and ordered it stricken from the files and gave judgment on the debts and upon replevin bonds.

The only serious question presented upon argument is as to this ruling upon the plea. The general rule undoubtedly is that an answer overrules a plea. But there are equally undoubted instances where a plea not only may but must be supported by an answer. It is earnestly insisted that this cause presents such a case, and that the answer is strictly in support of the plea, and that

the latter is therefore not overruled. But even an answer filed in support of a plea may trench upon the matter embraced in the plea in such a manner as, under the technical rules of chancery pleading, to overrule the latter. The strict rule relating to answer in support of the plea required that the answer must not embrace the same matter included in the plea, and an examination of the old works on chancery pleadings will only serve to illustrate the peril incurred by even a careful pleader if he attempt to support his plea by answer. Mr. Daniel, in speaking of the danger incident to any sort of accidental deviation from this rule that the answer must not include matter covered by the plea, says:

"The result of the extreme strictness was that sometimes, in cases to which a defense by plea and answer was strictly applicable the bill might have been so framed as to render it practically impossible for the defendant to avail himself of such a form of pleading." Daniel on Chancery Pleading and Practice, 5th edition, Section 617.

But by Ordinance XIV., lately adopted, many of these dangers which lurk in the path of the pleader have been remedied, for by that ordinance it was provided that the plea should not be held bad merely because some part of the matter embraced therein was covered by the answer. *Ibid.*, 617.

One instance where an answer in support of a plea is the proper practice is well recognized by

all the authorities. It is where the plea is a negative plea. It should then be supported by answer in those cases where the bill states or charges facts by way of evidence of the plaintiff's right. Daniel on Chancery Pleading and Practice, 5th edition, Section 615; *Siefred* v. *People's Bank*, 1 Bax., 200. It is required in those cases because the the complainant is entitled to a discovery as to all matters within the knowledge of defendants, and for the further reason that allegations of fact not answered by the plea would be evidence against the plea. *Ibid.*, 614–617.

The answer in this case must be tested by this rule. The bill. of complainant undertakes to give a detailed account of the business career of Defendant Young, and in doing so charges that within three or four years he had made as many as three or four changes in the firm name under which he was doing business; that he had sold out and bought back his interest in business several times. The names of his different partners, or ostensible partners, are given, and a minute account of each business change, either in his partners, or firm name, or locality in which he had been doing business. All these changes in business are characterized and charged to have been "*a continual shifting*" for the purpose of covering up his property and defrauding creditors. Having thus historically blasted the previous business character of the defendant, the bill then charges "that he had lately bought goods in the name of L. A.

Hunt & Co.," and "that he was about *again to fraudulently* dispose of said goods and further encumber them by selling and transferring them to the defendant, L. A. Hunt." Now, in view of the charge that his previous business changes had been a "continual shifting and transferring for fraudulent purposes," we can see the significance of the facts stated in the bill concerning these changes and the effect they would have upon the charge that he was "about again to fraudulently dispose of said goods."

The answer explicitly and repeatedly stating reliance upon the plea, proceeds to answer the statements and charges of previous sales and change of firm name, and to insist that all of these transactions were in good faith, and not done to cover up his property or defeat creditors. To have admitted, as the answer does, a number of changes in firm name, in location of business houses, and purchase of goods in name of Hunt & Co., without being permitted to insist upon the fairness and good faith of these several transactions, would be to make the answer a delusion and snare, and we do not think the plea overruled by this answer. If, as this Court has said, the complainant had been content to have simply charged the fact that defendant was about fraudulently to dispose of his goods, there would have been no occasion for an answer; but when he proceeds to set out his evidence to sustain his attachment, the defendant was certainly entitled to explain and deny the

force of the facts so stated. *Siefred* v. *People's Bank*, 1 Bax., 200.

While we do not intend to encourage the practice of answering in support of plea where an answer can be avoided, yet we are of opinion that this case comes very 'fully under the authority cited, and we therefore hold that the Chancellor erred in striking out the plea.

Upon the proof the truth of the plea is sustained, and the attachment is discharged. The debts of complainants, not being due when bill was filed, the suit could only be sustained by sustaining the attachment. The prematurity of the suit is relied upon and plead in the answer. This may be done. *Robinson* v. *Grubb*, 8 Bax., 19.

Complainants' suit being premature, they cannot have , judgment on their claims, the attachment having been discharged.

The decree of the Chancellor will be reversed, and bill of complainants dismissed. It clearly appearing, however, that complainants were misled by Young's conduct and misrepresentations, innocently made, as appears by the proof, as to his having formed a partnership with Defendant Hunt, and being induced to believe that they had ground to demand attachment, by these misrepresentations, we think Defendant Young should pay all the costs of the Chancery Court. The costs of this Court will be paid by complainants. The dismissal of the bill is without prejudice as to the right of complainants to bring another suit for judgment upon their notes.