CASE 95—PETITION EQUITY—MAY 9.

# Bamberger, Bloom & Co. v. Moayon.

### APPEAL FROM CHRISTIAN COURT OF COMMON PLEAS.

1. A DEFECTIVE PETITION IN AN ATTACHMENT PROCEEDING MAY BE
AMENDED SO AS TO RELATE BACK to the filing of the petition, and
give the plaintiff priority over another lien created between the filing
of the petition and the filing of the amendment, provided the amend-
ment does not set up a new cause of action, but merely perfects an
imperfect statement of the cause of action set up in the original peti-
tion. Subsection 2 of section 268 of the Civil Code, which provides
that an amendment to the affidavit for an attachment shall not affect
a lien acquired prior to the filing of the amendment, does not apply
to an amendment to the petition.

2. IN AN ACTION BY A SURETY FOR INDEMNITY, THE CREDITOR IS A NEC-
ESSARY PARTY-DEFENDANT, but the failure to make him a party does
not render void an attachment issued in the action.

HENRY J. STITES, JOSEPH McCARROLL FOR APPELLANTS.

1. The creditor was a necessary party to the action. (Civil Code, sec. 242,
subsec. 2.)

2. The vested rights of appellants acquired prior to the date of the
amended petition can not be prejudiced thereby. (Bell, &c., v. Hall,
2 Duv., 288; Civil Code, sec. 268, subsec. 2; 7 Bush, 131; 1 Met., 42.)

A. DUVALL, JOHN PHELPS FOR APPELLEE.

1. Even if the plaintiff's original petition was defective for want of par-
ties or otherwise, he acquired by his attachment proceeding a valid
lien upon the property in contest. (Bailey v. Beadles, &c., 7 Bush,
383; Paul, &c., v. Smith, &c., 82 Ky., 451.)

2. The amended petition merely perfects the original cause of action, and
relates back to the filing of the original petition. (Civil Code, sec.
134; Allen v. Brown, 4 Met., 342.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee was the surety of Mendel on several
promissory notes; and, by the authority of section
237 of the Civil Code, he brought an equitable action,
before said debts were due, against said Mendel for

indemnity, and obtained an attachment against him upon the ground that he was about to dispose of his property with the fraudulent intent to cheat his creditors, &c. But he did not make the creditor a defendant to the action. Section 242 of the Civil Code is peremptory that "unless the creditor brings the action, he must be made defendant." The appellants, after the institution of said action, and the obtention of the attachment, instituted suit against said Mendel, and obtained an attachment, and caused it to be levied on the same property that had been levied on under the appellee's attachment; and the property not being sufficient to satisfy the appellee's and appellants' demands, the latter sought to establish priority of lien by reason of the fact that the appellee's petition being defective, his attachment was not valid as against that of the appellants; and the appellee having amended his petition by alleging that said notes had become due, and he had paid them off, and by making other allegations that cured the defects in the original petition, if any there were, the court overruled the appellants' motion for a priority of lien. From that judgment they appeal.

The appellants contend that as an attachment is auxiliary to a petition, a defective petition renders the lien created by the attachment inoperative as against a subsequent valid attachment levied on the same property. This contention is based upon the supposed analogous rule that, although a defective affidavit, upon which an attachment has been obtained, may be amended so as to cure the defect, and thereby retain the lien on the attached prop-

erty, yet such lien "shall not affect a *bona fide* right to, or lien previously acquired upon, the property by attachment or otherwise" (section 268, Civil Code); that an affidavit, having for its support a defective petition, should be treated as a defective affidavit, and the attachment obtained thereon should be inoperative as against subsequent valid attachments.

It is to be observed that the Civil Code, *supra*, has referred to defective affidavits for attachments, and not to defective petitions. The amendment of a defective affidavit, according to said section, does not relate back to the date of the affidavit as against subsequent attachments levied upon the same property. The Code, *supra*, forbids it, and according to Bell, Berkley & Co., &c., v. Hall's Ex'rs, &c., 2 Duv., 288, the amendment, independently of said provision, does not relate back as against subsequent attaching creditors. The reason seems to be, that an attachment is an extraordinary remedy—unknown to the common law—creating an exclusive lien—without contract—in favor of the creditor against his debtor, and even as against as meritorious creditors as the attacher; consequently, the affidavit, which is the foundation of the attachment, must strictly conform to the requirement of the law, in order that the attacher may acquire this exclusive lien; and, unless it thus conforms to the requirement of the law, the attacher obtains no lien by the levy of the attachment; nor has he a right to amend the affidavit so as to cure the defect, and thereby create a lien by the levy of the attachment, except by virtue of the authority of the Civil Code, which

expressly declares that the lien created by an attachment based upon an amended affidavit shall not affect the lien created upon the same property by attachment or otherwise before the affidavit was amended, but subsequent to the levy of the attachment under the original affidavit. And while the old Code allowed such amendment without this express provision, yet its equivalent was held to be the correct rule, for the reason that as the extraordinary remedy must strictly conform to the law in order to entitle the attacher to the benefit of it, the Code, as amended, did not intend to allow the attacher, upon a defective affidavit which conferred no rightful authority to attach, to obtain a lien by amendment as against an intervener by a valid attachment.

But where a person has a cause of action, and his petition, in attempting to state it, is defective, the petition is not void, but simply erroneous, and any judgment rendered thereon is binding upon the parties until reversed or set aside by a direct proceeding for that purpose ; and money rights acquired under the judgment obtain notwithstanding the reversal. And an attachment issued upon a proper affidavit in such case creates a valid lien upon the property attached, which continues until discharged on account of the defective petition by a proper proceeding ; and then, if the petition is amended so as to perfect the action, and not present a new cause of action, the amendment relates back to the filing of the petition, which carries all rights and remedies acquired under the petition back to that date, and which hold good against all intervening creditors.

Bamberger, Bloom & Co. v. Moayon.

These views are in accord with Drake on Attachment. That author says, that an amendment of a declaration merely curing defects, not setting up a new cause of action, will not dissolve the attachment for the benefit of subsequent attachers of the same property. (See sections 282-287.) This concedes the right to cure a merely defective petition by amendment, and thereby preserve the lien of the attachment, even as against interveners. The rule is based upon the theory that a party having a cause of action the whole cause latently accompanies a merely defective petition, and an amendment setting up the cause makes it known to the court; hence, the amendment relates back to the filing of the petition, and presents a cause of action from that date; and as an attachment, based upon a sufficient affidavit, issued upon such petition, creates a lien upon the property upon which it is levied, the amendment carries such lien back to the filing of the petition, even as against the lien of subsequent attachers of the same property. But in so far as the amendment sets up a new cause of action, the rule just indicated does not obtain. In such case the amendment only takes effect from the time of filing it as to the rights of interveners acquired by purchase or attachment. Such persons are not, as to such new cause, *pendente lite* purchasers. (See Hawes v. Orr, 10 Bush, 431; Dudley v. Price, 10 B. M., 88.)

The amendment does not present a new cause of action; it is only supplemental.

The judgment is affirmed.