Jennings v. Zerr & Jennings.

. Z. D. JENNINGS, Respondent, v. J. C. ZERR and T. L.
JENNINGS, doing business as GALENA MER-
CANTILE COMPANY, Appellants.

St. Louis Court of Appeals, March 8, 1892.

Principal and Surety : PREMATURE SUIT. The general rule is that
a party can only succeed when he has a cause of action at the date
of the institution of the suit. *Held*, accordingly, that this action
which was one for payments made by a surety for his principal
could not be maintained, since it appeared that the payments sued
for were made after the institution of the suit.

*Appeal from the Stone Circuit Court.*—HON. JOS.
CRAVENS, Judge.

REVERSED.

*Sebree & Tatlow* and *Geo. B. Stear,* for appellants.

On the first assignment of error, that the verdict is
against the weight of evidence, appellants merely call
attention to the evidence in the case. As to the second
assignment of error, that the principals in this case did
not become the debtor of the security (the plaintiff)
until the notes were paid by him, appellants cite:
*Hearne v. Keith,* 63 Mo. 84, 89; *Burckhardt v. Hel-
frich,* 77 Mo. 376, 382: *Beckham v. Tootle,* 19 Mo. App.
596, 604; *Thornton v. Bank,* 71 Mo. 221, 232.

*B. F. Yocum* and *Viles & Cartmel,* for respondent.

THOMPSON, J.—This action is brought in form
against the Galena Mercantile Company, a firm com-
posed of J. C. Zerr and T. L. Jennings. The petition
states, "that on or about the twenty-fifth day of
August, 1890, the defendant became indebted to plain-
tiff in the sum of $1,000 *for money loaned* to said

Galena Mercantile Company, which is now due and unpaid," for which plaintiff asks judgment. The answer first denies each and every allegation of the petition, and then denies that the defendants were, on the eighth day of December, 1890, the date of the commencement of this action, indebted to the plaintiff in the sum of $1,000, or in any other sum whatever. At the trial the plaintiff gave evidence tending to show that, prior to the making of the notes (hereinafter mentioned), the defendant Zerr was engaged in the mercantile business under the name of the Galena Mercantile Company; that it was arranged to take into the business the defendant, T. L. Jennings, who was the son of the plaintiff, and to continue the business under the same name; that for this purpose it was desired to raise $1,000 to put into the business; that the plaintiff was applied to by the defendants for the loan of this money; but that, as the plaintiff had no money to lend, it was arranged that two promissory notes for $500 each should be executed and discounted by the Aurora Bank and the money put into the business; that these notes were executed, signed by the plaintiff, the defendants and various other persons, as hereinafter stated, and delivered to the defendant Zerr, by whom they were taken to the Aurora Bank, where they were discounted by the bank, and the proceeds thereof paid by the bank over to him and used in the business. The first note was dated August 22, 1890, and was signed in succession by T. L. Jennings (one of the defendants and son of the plaintiff), Z. D. Jennings (plaintiff), J. C. Curboa and J. C. Zerr (the other defendant). The second note was executed on the twenty-fifth of August, 1890, and was signed in succession by J. C. Zerr (one of the defendants), T. L. Jennings (the other defendant), Z. D. Jennings (this plaintiff), W. G. Mathes, T. H. Smith and J. S. May. The plaintiff's evidence tended to show that, as between himself and the bank, he was regarded as the principal debtor, but that, as between himself

and the other parties to the note, he was merely a surety for the defendants in this action. At the time when this action was commenced these notes had not been taken up by the plaintiff, but he subsequently took them up by giving another note with other security to the bank, and the bank indorsed them to him without recourse. On this state of facts the cause was submitted to a jury who returned a verdict in favor of the plaintiff, and judgment was entered thereon; to reverse which the defendants prosecute this appeal, assigning for error the giving of three instructions, numbered 1, 2 and 3. We shall set out only the first of these instructions. It was as follows: "1. The court instructs the jury that, if they believe from the evidence in this case that Z. D. Jennings, any time in the month of August, 1890, *loaned to the Galena Mercantile Company*, a firm composed of J. C. Zerr and T. L. Jennings, one thousand dollars ($1,000), and that the same is due and unpaid, then you will find the issues for the plaintiff, Z. D. Jennings."

The objection to this instruction is that there was no evidence to support it. This objection is well taken. There was not only no evidence to support the hypothesis contained in this instruction, but, as this instruction presents the hypothesis of the plaintiff's petition, there was no evidence to support the plaintiff's petition. In short, there was no evidence whatever to the effect that the plaintiff ever loaned any money to the defendants, or that he had ever advanced a dollar of money to them, or for them, prior to the commencement of this action. When this suit was commenced the notes above described were still held by the bank, and the attitude of the plaintiff was merely that of surety for the defendants. In that character the defendants were contingently liable to him, and that was all. The general rule is that a party can only succeed, when he has a cause of action at the date of the commencement of his suit. The above statement of facts shows that

the plaintiff had no cause of action against the defendants at the date of the commencement of his suit. *Non constat*, but that they might pay off the note, and he never become liable thereon. This action is not supported by any underlying legal conception.

The judgment will be reversed. It is so ordered. All the judges concur.