## Bate et al. v. Davis et al.

March 15, 1949.

James T. Robertson for appellants.

Dodd & Dodd and William E. Coolman for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment overruling the appellants' motion to stay proceedings in an action filed by them to set aside certain deeds until the determination of an action filed subsequently contesting the validity of a will of one of the grantors. The judgment also directed that the petition be dismissed in its entirety. On this appeal the appellants are insisting that the trial court committed reversible error in overruling the motion to stay the proceedings until the will contest was determined because there was an identity of subject matter and of parties.

The controversy may be better understood by a brief review of the facts and circumstances involved herein. In 1934, Ellen C. and Sue O. Taylor conveyed certain property to the appellee, J. Morgan Chinn, with the retention of a life estate until the death of the surviving grantor. This deed was recorded in April, 1936. In October, 1936, Ellen C. and Sue O. Taylor executed identical wills. After directing the payment of debts the wills provided for (1) the affirmance of the 1934 deed to Mr. Chinn; (2) in affirmation of and supplemental to the execution of the deed a bequest and devise of all property to the testator's sister for life with remainder in fee simple to Mr. Chinn; and (3) the appointment of Mr. Chinn as administrator without bond. Ellen C. Taylor died in September, 1939, and her will was duly probated. In November, 1945, Sue O. Taylor and Mr. Chinn conveyed the property to the appellees, Walton T. and Evelyn B. Davis. This deed was recorded on November 23, 1945. Sue O. Taylor died on December 6, 1945, and her will was probated on December 14th of that year. In January, 1948, this action was filed to have the two deeds set aside. The appellees filed a special demurrer wherein they stated that the deceased sisters died testate disposing of all their property to the exclusion of appellants, who thereby stood to recover nothing if their suit was successfully prosecuted. In April, 1948, an action was filed by the appellants contesting the will of Sue O. Taylor. On April 22nd, the special demurrer was sustained in the first action. The appellant then moved to stay the proceedings in the instant case until the will case was determined. The appellees filed a motion to dismiss the petition in the instant case. The appellants then filed a motion to consolidate this action with the will

contest and also a supplemental motion to stay, both of which were overruled and the judgment from which this appeal is being prosecuted entered.

The case presents a rather unusual situation. A motion to stay a proceeding is somewhat analogous to a plea in abatement. Both pleas are generally looked upon as defensive or protective moves. Like a plea of limitation they are looked upon as a shield rather than a sword. As said in 1 Am. Jur., Actions, section 63:

"A plaintiff's right to avail himself of a legal remedy is not impaired merely by inaction or delay in seeking that remedy, provided he does not delay so long as to be affected by the doctrine of laches or the Statute of Limitations. On the other hand, an action cannot be maintained if it is commenced before the accrual of the cause of action which is sought to be enforced. Such an action should be dismissed without prejudice to the plaintiff's right to begin a new action on the accrual of the cause of action, upon proper and timely objection being made the nonexistence of a cause of action when the suit was started is a fatal defect which cannot be cured by the accrual of a cause pending suit."

In the case at bar it is admitted that the appellants' action in the suit to have the deeds set aside is dependent upon the outcome of the will contest. Actually, their right to bring a suit contesting the deeds is nonexistent. In the case of Horton v. Thompson, 3 Tenn.Ch., 575, it was held that a complainant who filed an appeal to correct a will by making it conform to the intention of the testator and who had subsequently instituted proceedings at law to test the validity of the will was not entitled to a suspension of his suit in chancery until the action at law was disposed of.

The appellants place reliance upon the case of Himler Coal Co. v. Kirk, 210 Ky. 28, 275 S.W. 371. In that case the Coal Company was constructing a railroad to its mine. Property owners disputed the Company's right of way and the Company obtained an injunction against the owners from interfering with the construction. Before that action was finally determined the property owners brought an action for damages. In its answer the Company filed a plea in abatement because of the pen-

dency of the former action. The trial court sustained a demurrer to the abatement plea. This Court held that ruling to be error. It was held that, since a judgment in the first action would constitute res judicata of the issues raised in the latter, the latter one should be abated. Obviously, that case is not controlling here, because of a different set of facts and circumstances.

For the reasons given we think the judgment should be and it is affirmed.