## Broyles v. Commonwealth.

March 25, 1949.

838

J. C. Bird and B. B. Snyder for appellant.

A. E. Funk, Attorney General, T. E. Mahan and Joe Feather for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

This action in the nature of a quo warranto was instituted to prevent the usurpation by Clarence (Buster) Broyles of the office of member of the Board of Education of Whitley County. Secs. 483, 485, Civil Code of Practice. It is based on the ground of ineligibility due to the alleged fact that the defendant had not "completed at least the eighth grade in the common schools" or possessed the equivalent education. KRS 160.180.

The action was filed January 1, 1949. The petition states that the defendant had been elected at the November, 1948, election, had received a certificate of election to the office, and was assuming to be a member of the board. It charges him to be a usurper by reason of his ineligibility. The term of office of his predecessor did not expire until the first Monday in January, which was January 3, 1949. KRS 160.200(2). The question of the action being premature was seasonably raised. In his answer and counterclaim, which was filed after the first

Monday in January, the defendant admitted he was assuming and claiming to be the duly elected and qualified member of the board and alleged that he had taken the oaths of office on December 28, 1948, and had then filed the same with the Secretary of the Board of Education. KRS 160.170. He further alleged that since January 3 he had been acting as a member of the board. An amended petition filed January 11 undertook to adopt all the allegations of the original petition.

A trial of the issue of qualification was had, and on the evidence the court sustained the petition, declared the defendant to be a usurper, and enjoined him from continuing to act as a member of the board. He appeals.

A usurper is one who intrudes himself into an office that is vacant or without color of title or right ousts the incumbent and assumes to act as an officer by exercising some of the functions of the office. Commonwealth v. Bush, 131 Ky. 384, 115 S.W. 249. At the time this action was instituted the defendant was not a usurper. The taking of the oaths of office before January 3 was merely anticipating and getting ready to assume the duties at the appointed time. The defendant could not enter upon the discharge of the duties of his office or become entitled to its emoluments until that date.

An injunction to prevent him from assuming the office was prayed. But title or right to an office cannot be tested by the process of injunction, that remedy being an ancillary aid to the action at law in lieu of quo warranto. Board of Education of Boyle County v. McChesney, 235 Ky. 692, 32 S.W.2d 26; Richardson v. Commonwealth, 275 Ky. 486, 122 S.W.2d 156.

No action can be maintained if it is commenced before the accrual of the cause of action which is sought to be enforced. 1 Am.Jur., Actions, Sec. 63; Holton v. Jackson, 184 Ky. 559, 212 S.W. 587; Bate v. Davis, 309 Ky. 709, 218 S.W.2d 958. So a cause of action should exist and be completed when a quo warranto proceeding is commenced. It will not lie against one who merely lays claim to the office. The term must have begun and the defendant have assumed, usurped or taken possession of the office. 51 C.J. 329; 44 Am.Jur., Quo Warranto, Secs. 26, 61.

The later assumption of the office and the amendment of the petition thereafter could not give life to the premature petition.

An amended or supplemental petition in any action is permissible where it sets up facts material to the case as presented or serves to explain or perfect or cover proof of the cause of action originally stated except where it sets up lien notes which have become due pendente lite. A new or additional cause of action cannot be thus begun and made retroactive.| In such a case the amendment only takes effect from the time of filing it. Secs. 134, 135, Civil Code of Practice; Taylor v. Moran, 4 Metc. 127, 61 Ky. 127; Hawes v. Orr, 10 Bush 431, 73 Ky. 431; Bamberger v. Moayon, 91 Ky. 517, 16 S.W. 276; Fentzka's Adm'r v. Warwick Construction Co., 162 Ky. 580, 172 S.W. 1060; Lilly v. O'Brien, 224 Ky. 474, 6 S.W.2d 715.

In Reader v. Farriss, 49 Okl. 459, 153 P. 678, L.R.A. 1916D, 672, we have an exact case. The same kind of action was instituted prior to the time the term began of the person elected. The case was continued to a day after he had assumed the office. The defendant at that time again objected to the proceeding because it had been prematurely begun. The court granted leave to file a supplemental petition alleging, in effect, that subsequent to the filing of the original petition the defendant had entered into the actual possession of the office and was then performing the duties thereof. The Supreme Court of Oklahoma, citing an early English case, stated that from that time to the present an unbroken line of authorities, both in England and this country, is to the effect that an information in the nature of quo warranto cannot be maintained where the party against whom it was applied for had not been in the actual possession of the office. Upon abundant authority the court also held under the general rule of pleading to which we have referred that the filing of the petition prematurely was not aided or cured by the filing of the supplemental petition setting up matters subsequently occurring as the cause of action.

We are of opinion that the action should have been dismissed without prejudice.

Judgment reversed.