W. B. HANNAH et al., Appellants,

v.

CITY OF SOUTH SHORE, Kentucky,
Appellee.

Court of Appeals of Kentucky.

Nov. 13, 1959.

Rehearing Denied March 11, 1960.

Oscar Sammons, Atkinson & Atkinson, Greenup, for appellants.

Diederich & Lycan, Ashland, for appellee.

EBLEN, Judge.

On July 2, 1957, South Shore, Kentucky. across the river from Portsmouth, Ohio, was incorporated as a sixth-class city by judgment of the Greenup Circuit Court. The new city had an area of one-fourth square mile (a square, one-half mile on each side), the maximum permitted under KRS 81.040, and a population of 573. The City Board of Trustees held its third regular meeting after the incorporation on October 1, 1957, and enacted an ordinance proposing the annexation of surrounding territory, having an area about three times that of the City and almost twice the population. A substantial number of the resident freeholders protested the annexation, and this class suit was filed for a declaration of rights and to have the ordinance declared null and void.

The Greenup Circuit Court found that the City had complied with the statutes governing annexation; that less than 75% of the resident freeholders in the area to be annexed had protested; that such annexation was for the interest of the City and would cause no manifest injury to the persons owning real estate in the area sought to be annexed; and entered a judgment approving the annexing ordinance. This appeal is from that judgment.

The appellants urge that this City has not existed and functioned as a municipality for such a period of time for it to have an "interest," and, therefore, the finding of the lower court that the annexation is for the interest of the City of South Shore is erroneous. Hardin v. City of St. Matthews, Ky., 240 S.W.2d 554, 557, is conclusive of this issue, says the appellant, and re-

quires a reversal of the judgment. In reply to this, the appellee takes the position that the Hardin case is just another episode in the lengthy contest between Louisville and St. Matthews, and has no general application.

The Hardin case involved the same annexation statutes under which the City of South Shore has proceeded. There, the City of St. Matthews was incorporated as a sixth-class city, and, the same day, its legislative body adopted an ordinance proposing annexation of an area. It was held " * * * that the proposed annexation of territory to the City of St. Matthews cannot be found to be for the interest of the city * * *" One of the reasons given for that conclusion was that the word "city," as used in the statutes authorizing annexation, must have been used to mean a city that had existed and functioned as such over a sufficient period of time to establish an "interest" or "prosperity." Thus, the Hardin case places a construction on the annexation statutes, and, since those statutes have general application, the decision should be no more limited in its scope than the statutes it construes. As a legal consequence, this meaning given the word "city" as used in KRS 81.100 and 81.110 has become an integral part of that legislation. Lilly v. O'Brien, 224 Ky. 474, 6 S.W.2d 715.

It remains to determine if the City of South Shore, in a period of about three months, had established an "interest." With the exception of some police protection, it had not provided any of the usual municipal services, such as water, street lights, sewage collection and disposal and fire protection. In fact, most of the argument for the City is addressed to the need for these services, and seems to assume that they cannot be supplied until the City can take in the surrounding territory which has the same need for them. This is not such existence and functioning as a city as to give a history and experience from which an interest can be found.

The judgment is reversed.